IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JARVIS FORTSON,

    Petitioner,

vs.                                  Case No. 4:08cv489-RH/WCS

WALTER McNEIL,

    Respondent.

                             /


## REPORT AND RECOMMENDATION ON MOTION TO DISMISS § 2254 PETITION

       Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. After the court granted Respondent four extensions of time to respond, Respondent filed a motion to dismiss the § 2254 petition as untimely. Doc. 19. Petitioner filed a reply. Doc. 21. As the dispositive issue is whether Petitioner's first FLA.R.CRIM.P. 3.850 motion was properly filed, the court relies on the filing dates and calculations as represented in the motion to dismiss. References to exhibits are to those submitted with the motion to dismiss.

       There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such review," unless a later commencement date applies. § 2244(d)(1)(A). Petitioner has not asserted a later commencement date, and none of the alternative dates provided in the statute seem applicable. *See* § 2244(d)(1)(B)-(D).

The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2). The time may be equitably tolled for an otherwise diligent petitioner, only in rare and exceptional circumstances.[1]

Petitioner here challenges the judgment of the Second Judicial Circuit, Gadsden County, case number 99-760-CFA. Respondent asserts that the judgment became final for purposes of commencing the one year period on May 23, 2004, and that Petitioner filed a FLA.R.CRIM.P. 3.850 motion on May 3, 2004. Doc. 19, p. 6. "However, he voluntarily dismissed this motion, admitting in essence that it was not properly filed, and waited until February 7, 2005, to file his second motion." *Id.* Respondent asserts that the 260 days (from date of finality to filing of the second Rule 3.850 motion) was not tolled, leaving Petitioner with only 105 days remaining from the end of the tolling period

---

[1] Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (Lawrence II) (assuming without deciding that equitable tolling is available, petitioner must show diligence and "'that some extraordinary circumstance stood in his way' and prevented timely filing."), *quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (*quoting* Steed); Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005) (Lawrence I) (*quoting* Steed). Petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown, 512 F.3d at 1307 (citation omitted). "Because of the difficult burden, [the Eleventh Circuit] has rejected most claims for equitable tolling." Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 701 (11th Cir. 2004) (collecting cases).

(after the mandate on the Rule 3.850 proceeding issuance) to file a § 2254 petition. *Id.*, pp. 6-7. It is argued that the § 2254 petition, filed October 30, 2008, was filed 31 days beyond the deadline. *Id.*, p. 7.

Petitioner filed the motion to voluntarily dismiss his initial Rule 3.850 motion on the same date he filed the new Rule 3.850 motion. Doc. 19, p. 3; Exs. H and I. He stated in the motion for voluntary dismissed that the court had not yet acted on the initial motion, and that:

> Because Defendant is now aware that his post-conviction motion is in substantial non-compliance with the requirements of rule 3.850, and therefore subject to voluntary dismissal, he now desires to voluntarily dismiss his present motion and refile at a later date after correcting the fatal deficiencies.

Ex. H.

Respondent apparently relies on the fact that Petitioner "admitt[ed] in essence that [the first motion] was not properly filed," as dispositive of the "properly filed" issue under § 2244(d)(2). It is not. Respondent offers no reason or argument as to why the earlier Rule 3.850 motion was not properly filed. It was timely, and it was sworn under penalty of perjury. Ex. G, pp. 100 and 104 (public record numbers, appearing on bottom left). *Compare* <u>Delguidice v. Florida Dep't Of Corrections</u>, (unpublished, available in Westlaw), 2009 WL 3634092 (11th Cir. November 4, 2009) (unsworn Rule 3.850 motion was not "properly filed" under the oath requirements of the rule).[2]

---

[2] As explained there, a Rule 3.850 motion should be notarized or include an unnotarized oath stating under penalty of perjury that the facts stated are true. *Id.*, at *2, *citing* Fla.R.Crim.P. 3.987 Other citations omitted). Petitioner Fortson left spaces where the initial motion would be notarized, but they were not completed by a notary. Ex. H, pp. 92 and 98. But as noted supra, he also included an unnotarized oath.

Respondent makes no argument that the oath was insufficient as to render the initial motion not properly filed; and indeed makes no argument (save Petitioner's statement in seeking voluntary dismissal) as to any reason the document was not properly filed. Petitioner replies that he was mentally incompetent, unable to read, and that a law clerk prepared the motion for voluntary dismissal. Doc. 21. Either way, saying it does not make it so. Had Petitioner filed an unauthorized document in state court which referred to itself as properly filed, there would be no question that this did not end the analysis.

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (doc. 19) be **DENIED**, that the court **ORDER** that Respondent has no more than 30 days from the order adopting this recommendation in which to file an answer to the § 2254 petition (doc. 1), and that Petitioner be given 30 days from receipt of the answer in which to file a reply, if any.

**IN CHAMBERS** at Tallahassee, Florida, on November 20, 2009.


S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:08cv489-RH/WCS